Dear Representative Hill:
This letter is in response to your question asking whether the provisions of Section 78.630, RSMo 1978, require that an ordinance granting a 15-year nonexclusive cable television franchise be approved by a majority of the voters voting at a municipal election.
Section 78.630 provides:
 1. Except as hereinafter provided, no ordinance or amendment or modification thereof granting any franchise, lease, right or privilege in or under the streets, public thoroughfares or public places of a city operating under sections 78.430 to 78.640 shall go into effect or become operative or vest any right in the grantee or grantees, unless such grants shall first be approved by a majority of the voters voting at a municipal election at which the proposed grant is properly submitted. And no such proposed grant shall be voted on unless the full text thereof [sic].
 2. No ordinance or amendment or modification thereof granting any nonexclusive franchise, lease, right or privilege for not to exceed twenty years in or under the streets, public thoroughfares or public places of a city operating under sections 78.430 to 78.640 shall go into effect or become operative or vest any right in the grantee or grantees, except upon prior compliance with the following conditions:
 (1) Before final passage of the ordinance, or amendment or modification of ordinance, by the council, the city clerk shall prepare a notice of a public hearing thereupon and cause it, along with a true copy of the ordinance, including the full text of the franchise under consideration, to be published once a week for four consecutive weeks in a daily newspaper or for four consecutive weeks in a weekly newspaper if no daily newspaper is published in the city, the first publication to be at least thirty days before, and the last publication within ten days of, the date fixed by the city council for the public hearing.
 (2) The notice shall give the date, time and place of the public hearing, and shall contain a statement of the substance and effect of the proposed ordinance, and a further statement that the ordinance, or amendment or modification of ordinance, as introduced, or a true copy thereof, may be inspected and copied at the office of the city clerk during regular business hours.
 (3) The public hearing shall be at a regular, adjourned or called meeting of the city council at which all interested persons will be heard in person or by attorney.
 (4) The city council may at any time, before or after the public hearing, submit the proposed franchise, lease, right or privilege to an election by the voters for their approval.
 (5) The provisions of this subsection shall not apply in the granting of any franchise, lease, right or privilege to any utility regulated by the public service commission of the state of Missouri.
 3. Any ordinance, however, may be amended or modified by the council of any city as to streets, alleys, or public places already occupied and used by any person, persons or corporation by and under a franchise then in existence and only as to such streets, alleys, or public places used and occupied by such person, persons or corporation under a franchise then in existence, when such modifications or amendment is necessary to enable such person or corporation to enlarge, better or improve its facilities, equipment, material, or structure above, upon or beneath said streets, alleys, public thoroughfares or public places then used and occupied by such person or corporation by and under a franchise then in existence, for the purpose of removing or overcoming hindrances to public service. The city council shall have the right to grant to any railroad company the right to construct switches or spur tracks to industrial plants or warehouses.
We conclude that no vote is required to approve a 15-year nonexclusive cable television franchise under Section 78.630, RSMo 1978, for the following reasons.
First, it is apparent that the last sentence in subsection 1 is incomplete. The mistake appears to have occurred in House Bill No. 971, 1978 Mo. Laws 252, 288-289. The portion of prior subsection 1 which was omitted can be found as enacted in House Bill No. 448, 1963 Mo. Laws 131-132. This omission, which appears to be inadvertent, has some bearing on the analysis of these sections, because the omitted material contained certain provisions relative to publication prior to the election on the franchise. If the election provisions should have been carried on into present subsection 1 as they were in the original amendment in 1963, it would seem that there would be duplication in the publication requirements, because subsection 2, as amended in 1963 and as presently provided, requires certain publication prior to the public hearing. Therefore, if it was intended that subsection 1 have separate publication requirements from the publication requirements contained in subsection 2, that would be indicative that both subsections were to be separately interpreted.
Second, subsection 2 pertains only to nonexclusive franchises not exceeding twenty years. Therefore, subsection 2 appears to relate to something less than does subsection 1, which applies to ordinances or amendments or modifications thereof granting any franchise.
Third, it is clear that Section 78.630, as amended by House Bill No. 448, 1963 Mo. Laws, 131, added the first phrase to subsection 1, "[e]xcept as hereinafter provided" and also added what is now subsections 2 and 3 of such section. Therefore, subsection 1 recognized that certain exceptions to its provisions would follow.
While the amendments to Section 78.630 appear to have omitted crucial language, it seems that the only way the section can be read is to view subsection 2 as an exception to subsection 1. As so construed, nonexclusive franchises for under twenty years appear to be excepted from the provisions of subsection 1. Since subsection 2 does not require a vote, but only makes such a vote optional under subsection 2(4), we conclude that no such vote is required for the approval of a 15-year nonexclusive cable television franchise.
In view of the apparent omission contained in the 1978 Missouri Laws respecting the last portion of subsection 1 and in light of the obvious difficulty in interpreting this section as a whole, we suggest that it is a prime subject for legislative revision.
Very truly yours,
 JOHN ASHCROFT Attorney General